UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,               Case No. 2:24-cr-20397

v.                                      Honorable Susan K. DeClercq
                                          United States District Judge

CHARLEY HARRIS GEE,

                 Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING
SENTENCING (ECF No. 28)**

On March 12, 2025, Defendant Charley Gee pleaded guilty to knowingly
transporting child pornography under 18 U.S.C. § 2252A(a)(1). ECF No. 27 at
PageID.81. His sentencing hearing is currently scheduled for July 21, 2025, and he
faces a five-year mandatory minimum. ECF No. 27 at PageID.82. Gee, who is
currently detained, now requests release on bond pending sentencing under either 18
U.S.C. § 3143 or 18 U.S.C. § 3145(c). ECF No. 28. As explained below, Gee's
motion will be denied.

Once a defendant pleads guilty, "there is no reason to favor release pending
imposition of sentence." *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988).
To that end, the relevant statute, 18 U.S.C. § 3143, "creates a presumption against
release which the defendant must overcome." *United States v. Bowman*, 98 F.3d

1343, 1343 (6th Cir. 1996) (unpublished table decision). Thus, the Court may grant release only if it finds, by clear and convincing evidence, that the defendant is not likely to flee or endanger the safety of the community or others. *United States v. Roscoe*, 455 F. Supp. 3d 449, 455 (E.D. Mich. 2020) (quoting 18 U.S.C. 3143(a)).

Here, Gee has not overcome the presumption against release under § 3143. In his motion, Gee provides information about where he would live and what job opportunities he would pursue. ECF No. 28 at PageID.108–09. But this falls short of establishing by clear and convincing evidence that he is unlikely to flee or endanger others. Gee further argues that he has already been incarcerated for nine and a half months, which he says is a substantial amount of time for a first-time offender. *Id.* at PageID.105. However, Gee faces a five-year mandatory minimum sentence, which is even more substantial. Finally, Defendant argues that he is not prone to "sexually deviant behaviors," given that a psychosexual evaluation concluded that he was not a pedophile. *Id.* at 105–06. Rather, Gee says that he committed the crime for financial gain. *Id.* at 105. Although the psychosexual evaluation may suggest that Gee is unlikely to pose a direct danger to children as a sexual deviant, his admitted motive for committing the crime was making money which "sustain[s] the market" for sexually exploitive materials, "perpetuate[s] the victimization of the children depicted," and consequently endangers the community. *United States v. Lukasavitz*, 2013 WL 1703326 (E.D. Mich. 2013).

- 2 -

Alternatively, Gee argues that he may be released under 18 U.S.C. § 3145(c) because there are "exceptional reasons" demonstrating why his detention is inappropriate. ECF No. 28 at PageID.108–09. Although the statute does not define "exceptional reasons," the phrase "has generally come to mean that which is unique, uncommon, rare, or out of the ordinary." *United States v. Mellies*, 496 F. Supp. 2d 930, 934 (M.D. Tenn. 2007). Further, the reasons must clearly show the defendant's detention is inappropriate. *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010).

As for what exceptional reasons exist here, Gee mostly points to the same evidence: that he is a first-time offender, that he is not prone to sexually deviant behaviors, and that he has accepted responsibility for his actions. ECF No. 28 at PageID.109. But none of these reasons are exceptional, and none clearly show that Gee's detention is inappropriate. In sum, Gee's motion will be denied, and he will not be released on bond pending his upcoming sentencing hearing.

Accordingly, it is **ORDERED** that Defendant's Motion for Bond Pending Sentencing, ECF No. 28, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 7, 2025

- 3 -